JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRE THRONE PLAZA RIO VISTA, LLC,<br><br>                        Plaintiff,<br><br>    v.<br><br>JOHN RYAN, et al.,<br><br>                        Defendants. | Case No. 5:18-cv-02375-JGB-SHK<br><br>ORDER REMANDING CASE TO STATE COURT AND IMPOSING SANCTIONS ON DEFENDANT JOHN RYAN FOR VIOLATING THIS COURT'S ORDER |

      For at least the fourth time, Defendant John Ryan ("Defendant") seeks to improperly remove this unlawful detainer action from the Riverside County Superior Court to this Court on the basis of diversity of citizenship. Electronic Case Filing Number ("ECF No.") 1, Notice of Removal ("NOR") at 2; ECF No. 1-1, NOR Civil Cover Sheet at 1. Defendant also applied to proceed in forma pauperis ("IFP Application"). ECF No. 3, IFP Application. For reasons discussed below, the Court <u>sua sponte</u> REMANDS this action to the Riverside County Superior Court, DENIES Defendant's IFP Application as moot, and imposes sanctions in the amount of $5,000.00 against Defendant, John Ryan.

/ / /

/ / /

# I. PROCEDURAL HISTORY

This is at least the fourth time that Defendant, a California resident, has sought to remove this case. ECF No. 1 at 1, 9. In his May 2018 notice of removal, Defendant filed the substantially same, if not the exact same, notice of removal for the exact same case as he has filed in the present matter. <u>BRE Throne Plaza Rio Vista LLC v. John Ryan, et al.</u>, ED CV 18-01036 JGB (SHKx) ("Case No. 1"), Electronic Case Filing Number ("ECF No.") 1. In a reasoned decision, this Court remanded the matter finding that there was no federal question jurisdiction and the amount in controversy was significantly less than the required $75,000 threshold. Case No. 1, ECF No. 9. Again, in early September 2018, Defendant filed the substantially same, if not the exact same, notice of removal for the exact same case as he has filed in the present matter. <u>BRE Throne Plaza Rio Vista LLC v. John Ryan, et al.</u>, ED CV 18-01888 JGB (SHKx) ("Case No. 2"), ECF No. 1. The Court again remanded the matter for lack of subject matter jurisdiction and in its order denying Defendant's request to proceed <u>in forma pauperis</u>, put Defendant on notice and stated that "[a]ny future attempts to frivolously remove this matter to federal court will likely result in Defendant, John Ryan, being sanctioned by this Court." Case No. 2, ECF No. 15. On September 27, 2018, for the third time, Defendant again filed the substantially same, if not the exact same, notice of removal involving the exact same case for which he has sought removal on at least three previous occasions. <u>BRE Throne Plaza Rio Vista LLC v. John Ryan, et al</u>, ED CV 18-02072 ("Case No. 3"), ECF No. 1.

In remanding Case No. 3, the Court also imposed sanctions in the amount of $1,000 against Defendant, payable into the Court's registry by October 19, 2018. There is no record that Defendant has paid this amount.

Finally, on November 7, 2018, Defendant again filed the substantially same, if not the exact same notice of removal, which is the basis for this order.
///

## II. APPLICABLE LAW

As explained previously, "[t]he right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Moreover, the removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006)

The party seeking removal must show by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. See Abrego Abrego, 443 F.3d at 683; Conrad Associates v. Hartford Acc. & Indem. Co., 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("A speculative argument regarding the potential value of the award is insufficient."). "It is insufficient for the removing party to merely state a conclusion that the amount in controversy 'exceeds $75,000.' Instead, the defendant is obligated to provide proof of the underlying facts that establish the Court's jurisdiction." Avans v. Foster Wheeler Const. Co., No. 1:10-CV-00922 LJO, 2010 WL 3153972, at *2 (E.D. Cal. Aug. 6, 2010).

Finally, "[a] civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

With respect to sanctions, "[t]hree primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). "28 U.S.C. § 1927 provides for sanctions against an attorney [or any other person admitted to conduct cases] who

'multiplies the proceedings in any case unreasonably and vexatiously.' Sanctions pursuant to § 1927 require a finding of subjective bad faith. Pacific Harbor Capital, Inc., v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000) (citations omitted). The Ninth Circuit has found that knowing or reckless conduct meets this standard. See New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989) (citations omitted); Gomez v. Michaels Stores, Inc., No. EDCV15 - 02328 JGB (DTBx), 2016 WL 7496746, at *4 (C.D. Cal. Oct. 12, 2016). In order to impose sanctions under the Court's inherent power, however, the Court must make "a bad faith finding." Lahiri v. Universal Music & Video Distribution Corp., 606 F.3d 1216, 1219 (9th Cir. 2010).

Finally, Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). To impose sanctions under Federal Rule of Civil Procedure 11, "[c]ourts must apply an objective test in assessing whether the rule has been violated. A violation of the rule does not require subjective bad faith." Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993) (internal

citations omitted). A court need not have a motion before it to impose a sanction under this rule, but "[o]n its own , the court may order [a] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

### III. DISCUSSION

Defendant's again fails to establish this Court's jurisdiction over the subject matter of this action, because the NOR fails to establish the diversity of citizenship requirements set forth in 28 U.S.C. § 1332, or the federal question requirements set forth in 28 U.S.C. § 1331. Additionally, Defendant may not remove this matter pursuant to 28 U.S.C. § 1441(b).

#### A. The Amount In Controversy Requirement To Establish Diversity Jurisdiction Is Not Met Here, Under 28 U.S.C. § 1332

Here, Defendant again claims that the federal court has subject matter jurisdiction, under "Actuary and Diversity elements," such that this matter could be removed from state court. ECF No. 1, NOR at 2. Specifically, in his removal petition, Defendant asserts with the same language that he used in the previous three notices of removal that "the actuary value [of the case] is valued in excess of $75,000.00." Id. However, despite Defendant's allegation that the amount in controversy exceeds $75,000, a review of Plaintiff's Complaint, which Defendant attached to the NOR, reveals that the amount in controversy likely falls well short of this required, jurisdictional amount. See id. at 7 (Plaintiff seeking damages of $15,166.86 for unpaid rent through October 2017, "$55.62 per day for each day that Tenants unlawfully remain in possession of the Premises after November 30, 2017, through the date of entry of judgment[,]"[1] "prejudgment interest at the maximum

---

[1] The Court notes that, through the date of this Order, approximately 360 days have passed since November 30, 2017. The Court also notes that 312 days multiplied by a $55.62 daily rate of damages equals, approximately, $20,000. When this amount is added to the $15,166.86 that Plaintiff seeks in damages for unpaid rent through October 2017, the total money damages

5

lawful rate[,]"and "reasonable attorney's fees as provided under section 21.04 of the lease.").

Although it remains unclear what amount of damages Plaintiff will ultimately seek for attorney's fees and prejudgment interest once this matter has concluded, Defendant's conclusory allegation regarding the amount of controversy is again insufficient to meet his burden of actually setting forth the facts to support jurisdiction, such that the Court can make the necessary finding in that regard by a preponderance of the evidence. See Gaus, 980 F.2d at 566-67; Abrego Abrego, 443 F.3d at 683. Accordingly, because the calculable damages sought by Plaintiff in the Complaint total less than $75,000, and because doubts are to be resolved in favor of state court jurisdiction and remand, Gaus, 980 F.2d at 566, this Court finds that the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) has, again, not been met, even when Plaintiff's attorney's fees and prejudgment interest are added to the nearly $32,000 Plaintiff seeks in damages in the Complaint.

### B. No Federal Question Jurisdiction, Under 28 U.S.C. § 1331

Here, as explained previously, Defendant's allegations that his due process and equal protection rights are being denied as a result of the unlawful detainer action that has been initiated against him in the State Court, are insufficient. See e.g., ECF No. 1, NOR at 4 (Defendant alleging that "the actions of Counsel for Plaintiff, and the State Court are depriving Defendant of due process of law in that he is being dispossessed of his property"; "Defendant is, therefore, being denied his due process rights and equal protection under the 14th Amendment to protect his tenancy."). Defendant's alleged constitutional violations are merely challenges to the unlawful detainer action, which arise under and governed by the laws of the State of California. Therefore, this Court finds that there is no federal question present under 28 U.S.C. § 1331.

---

Plaintiff seeks in the complaint, to date, and absent attorney's fees and prejudgment interest, is a little over $35,000.

6

### C. Sanctions Are Appropriate Under 28 U.S.C. § 1927, the Court's Inherent Authority, and Rule 11.

Defendant was put on notice by this Court's previous order when Defendant attempted to remove this action in early September 2018 and sanctioned for this exact same conduct in October 2018. In the September order, the Court stated that "[a]ny future attempts to frivolously remove this matter to federal court will likely result in Defendant, John Ryan, being sanctioned by this Court." Case No. 2, ECF No. 15. In the October 2018 order, the Court sanctioned Defendant under 28 U.S.C. § 1927, the Court's inherent authority, and Rule 11. Case No. 3, ECF No. 12 at 6-7. At this point, Defendant is beyond reckless in again removing the state court action on the thrice rejected basis, is acting in bad faith, and is doing so in an effort to unreasonably hinder the ongoing state court litigation.

Sanctions are again warranted under 28 U.S.C. § 1927, which allows for the imposition of sanctions if a party "multiplies the proceedings in any case unreasonably and vexatiously." Defendant has done so to impede the underlying state court action and has repeatedly caused this Court and Plaintiff to expend their resources in remanding this action to the state court. Additionally, because Defendant was put on notice regarding any future attempts to frivolously remove this action, sanctions are also appropriate under Rule 11 as the removal pleading have objectively been filed "for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Finally, this Court finds that Defendant acted in bad faith by removing this case based on the exact same bases that have been rejected thrice before. Therefore, sanctions are also appropriate under the Court's inherent authority.

### IV. CONCLUSION

Accordingly, IT IS THEREFORE ORDERED, that the case be **REMANDED** to the Riverside County Superior Court and that Defendant's IFP Application be **DENIED**. Additionally, Defendant is ORDERED TO PAY

$5,000.00 as a sanction into the Court's registry by November 27, 2018. Failure to timely pay the sanction will result in an order of contempt against John Ryan. Moreover, John Ryan is ORDERED not to remove this matter in the future. Any future attempt to remove this matter will result in a finding of contempt.

Plaintiff is ORDERED to personally serve John Ryan with a copy of this Order no later than November 20, 2018.

IT IS SO ORDERED.

DATED: November 14, 2018

HONORABLE JESUS G. BERNAL
United States District Judge